José Miguel Castro, demandante y apelante, *v.* The Royal Bank of Canada, demandada y apelada.

No. 3670.—*Visto:* Junio 23, 1925. *Resuelto:* Julio 13, 1925.

Pagos—Cobro de Pagos—Pagos Indebidos—Acciones Sobre Cobro de lo Indebido—Prueba Insuficiente.—Cuando el cajero de un banco satisface un déficit en sus cuentas convencido de que ha contraído una deuda con dicho banco y éste recibe el pago convencido de que cobra un crédito al cual tiene derecho, no puede sostenerse que aquél hizo el pago por error o equivocación; y el hecho de que posteriormente aparezca un superávit no le da derecho a la restitución, cuando no se prueba que tal superávit corresponde al déficit que tuvo como cajero.

Sentencia de *Angel Acosta,* J. (Mayagüez), desestimando la demanda, con costas. *Confirmada.*

Angel A. *Vázquez,* abogado del apelante; *José Sabater, Hartzell, Kelley & Hartzell,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Apela el demandante contra una sentencia que desestima la demanda, dictada después de un juicio *de novo* en la

corte de distrito, y se queja de haber la corte inferior incurrido en error en la apreciación de la prueba e infracción de los artículos 1796 y 1797 del Código Civil.

La sentencia apelada se funda en las siguientes conclusiones de hecho y de derecho, a saber:

"1. Que el día 19 de diciembre de 1922, en ocasión en que el demandante desempeñaba el cargo de cajero del Royal Bank of Canada de esta ciudad, apareció en sus cuentas como tal cajero un superávit en dinero de ocho centavos; y al día siguiente, 20 de diciembre de 1922, apareció un déficit de $399.97. Que el demandante en cuanto notó el déficit de $399.97, al practicar el balance de su caja, avisó al manager del banco demandado, Sr. J. V. Fulladosa, y éste procedió a revisar las cuentas del demandante como tal cajero, resultando que en cuanto a los números estaban correctas, pero a pesar de que hicieron ambos una investigación, y arqueo de caja, siempre resultó el déficit de dinero no pudiendo el demandante decir ni asegurar la causa o razón de dicho déficit.

"2. Que el demandante continuó ejerciendo el cargo de cajero del demandado, hasta el 17 de enero de 1923, en que pasó a otro departamento del banco y ocupó su puesto el Sr. Angel Rovira, quien desde entonces hasta el presente desempeña dicho cargo en las oficinas del banco demandado. Que al hacerse cargo de la caja el otro contable Sr. Rovira, el déficit ocurrido fué pasado a la cuenta de déficit del banco y posteriormente en julio de 1923, cesó el demandante como empleado del banco del demandado.

"3. Que el demandante reconoció la existencia del déficit y convino en pagarlo al banco demandado, en sumas parciales o plazos, lo que efectuó, siendo el último pago que verificó de $61.33, en 31 de marzo de 1924, firmándole el banco demandado por su gerente Sr. Fulladosa un recibo por dicha cantidad en que hizo constar que era el saldo de la deuda del demandante para con el demandado por concepto del déficit ocurrido.

"4. Que posteriormente a haber cesado como empleado del banco demandado el demandante, o sea, en 27 de agosto de 1923, el cajero Angel Rovira en sus cuentas como tal cajero, tuvo un superávit de $400.00, cuyo superávit ha sido pasado a la cuenta de superávit del banco; y alega ahora el demandante que existiendo ese superávit de $400.00, debe restituirse al demandante el déficit que pagó al banco demandado.

"5. La corte, de la apreciación que hace de la evidencia presen-

tada por ambas partes, llega a la conclusión que no hubo error alguno en cuanto se refiere a la contabilidad de caja llevada primero por el demandante José Miguel Castro y luego por su sucesor en el cargo en las oficinas del banco demandado, Sr. Angel Rovira; que realmente existió un déficit en los fondos que manejaba el cajero cuando era tal el Sr. Castro, demandante, o sea, en dinero efectivo, que se constató con el recuento del dinero en su poder y que asimismo existió un superávit en el recuento del dinero en poder del otro cajero sucesor del demandante Sr. Rovira; que cuando el demandante certificó el pago del déficit al banco demandado, lo hizo convencido de que había contraído la obligación de pagar el déficit porque así se lo imponían sus obligaciones como empleado del banco demandado, de satisfacer los déficit que le ocurrieran en el desempeño de su cargo de cajero y lo satisfizo reconociendo que había contraído esa deuda; y el banco demandado recibió el pago convencido de que cobraba un crédito legítimo y al cual tenía derecho.

"Por tanto, la corte llega a la conclusión, vistos los artículos 1796 y siguientes del Código Civil en que se funda la presente acción, que al cobrar el demandado a su empleado el demandante el déficit ocurrido, lo hizo con derecho a ello, y que el demandante al pagar el déficit lo hizo convencido de que había contraído una deuda legítima y no hizo el pago por error o equivocación; y el hecho de que posteriormente, en las operaciones de caja del banco demandado hayan aparecido unas veces superávit y otras déficit, hasta que el día 27 de agosto de 1923 haya aparecido un superávit de $400.00, sin probarse por el demandante que tal superávit corresponda al déficit que él tuvo como cajero, no le da derecho a la restitución y en su consecuencia, se declara sin lugar en todas sus partes la demanda en este caso, con las costas al demandante; debiendo registrarse por el secretario una sentencia de conformidad con esta opinión."

El alegato del apelante no contiene contestación alguna ni referencia a estas conclusiones de hecho y de derecho que fueron omitidas de los autos preparados por el apelante y elevados por la apelada después de radicado el alegato del apelante. El documento citado en último término es un mero bosquejo de aquella parte de la prueba que tiende a sostener la teoría del caso del demandante, junto con las conclusiones establecidas a virtud de la misma por el abogado.

Después de una cuidadosa lectura de los alegatos y de todo lo que de la transcripción se cita en los mismos, no ha surgido ninguna duda seria en nuestra mente acerca de la exactitud en cuanto a las conclusiones a que llegó la corte sentenciadora *y debe, por tanto, confirmarse la sentencia apelada.*